# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**APRIL WALLACE**, *Individually,*
*on behalf of herself and on behalf*
*of others similarly situated*,

    Plaintiff,

v.                                           Case No. _____

**ACCURATE ENERGETIC**
**SYSTEMS, LLC**

                                            FLSA Multi-Plaintiff Action
                                            **JURY TRIAL DEMANDED**

    Defendant.

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Named Plaintiff, April Wallace ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid production employees of Accurate Energetic Systems, LLC, by and through her counsel, brings these claims for "off-the-clock" overtime violations as a Multi-Plaintiff Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Accurate Energetic Systems, LLC ("Defendant") and, upon personal belief as to herself and her own acts, and as for all other matters upon information and belief and, based upon the investigation made by her counsel, alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff performed work for Defendant in this District and Defendant conducted business within this District during all times material to this action. In addition, the events, commissions,

1

inactions and omissions giving rise to the claims pleaded in this Multi-Plaintiff Action Complaint occurred within this District.

## II. PARTIES

4. Plaintiff April Wallace worked as an hourly-paid production employee of Defendant at its McEwen, Tennessee facilities during the three (3) year period immediately preceding the filing of this action. Plaintiff Wallace's Consent to Join this Multi-Plaintiff Action as a Named Plaintiff is attached hereto as *Exhibit A*.

5. Plaintiff seeks to send notice of this action pursuant to 216(b) to current and former hourly paid production employees of Defendant who were required to wear explosive materials' protective gear as an integral and indispensable part of their job during all times material herein.

6. Defendant is a Tennessee Corporation with its principal address at 5891 Highway 230 West, McEwen, Tennessee 37101-3971. Defendant is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Kimberly M. Sonday, 5821 Highway 230 West, McEwen, Tennessee 37101.

## III. FLSA COVERAGE

7. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

8. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by the FLSA.

9. During all times material to this action, Defendant employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

10. Defendant's employees also engaged in interstate commerce on behalf of Defendant during all times material to this action.

11. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

### IV. FACTUAL ALLEGATIONS

12. Defendant manufactures explosive products at its facilities in McEwen, Tennessee at which workplace Plaintiff and similarly situated production employees were employed and who performed work for it during all times material herein.

13. At all times material, Defendant has had a time keeping system for the purpose of recording FLSA compensable hours of Plaintiff and those similarly situated.

14. Plaintiff and those similarly situated typically performed 40 or more hours of work per week within weekly pay periods during all times material to this action.

15. Defendant had a common plan, policy and practice of failing to compensate Plaintiff and those similarly situated for their time spent donning explosive materials' protective safety gear at Defendant's workplace prior to the beginning of their respective shifts within weekly pay periods during all times material, without being compensated for such time at the applicable FLSA overtime compensation rates of pay.

16. Donning of such explosive materials' protective safety gear was an integral and indispensable part of their daily job activities.

17. The wearing of such explosive material's protective gear was such an integral and indispensable part of the job activities of Plaintiff and those similarly situated that Defendant required them to be at its workplace at least fifteen minutes prior to the

beginning of their respective shifts in order to have sufficient time to don such personal protective equipment ("PPE") prior to such shifts.

18. The protective gear that Defendant required Plaintiff and those similarly situated to wear as an integral and indispensable part of their job activities consisted of protective shirts to guard against explosive materials, protective boots to reduce static electricity (related to explosive materials) and safety glasses.

19. The beginning of the fifteen-minute period of time during which Defendant required Plaintiff and those similarly situated to be at its workplace (and the subsequent donning of such protective gear during such time) constituted the first principal work activity of Plaintiff and others similarly situated for each of their respective work days during all times material.

20. Plaintiff and those similarly situated were forbidden to begin their work for each shift until they donned their explosive materials' protective gear.

21. Plaintiff and those similarly situated were not paid for the fifteen minutes of "off the clock" time they were required to be at Defendant's workplace to don the aforementioned explosive materials' protective gear - within weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times relevant to this action.

22. Plaintiff and those similarly situated were not paid for the "off the clock" time they spent donning explosive materials' protective gear until the beginning of their respective shifts - within weekly pay periods at the applicable FLSA overtime rates of pay during all times relevant herein

23. Defendant has/had actual and constructive knowledge of Plaintiff and other similarly situated employees spending such "off-the-clock" time prior to the beginning of their

respective shifts, without being compensated for such time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

24. Considering that Plaintiff and other similarly situated employees worked forty (40) or more hours within weekly pay periods during all times material, had they properly been compensated for all "off-the-clock" work, such time would have been added to their weekly overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

25. The unpaid "off the clock" wage claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA violations.

26. Defendant failed to accurately record compensable hours of Plaintiff and others similarly situated as required by the FLSA, 29 C.F.R. §516.2(a)(7).

27. Defendant's failure to compensate Plaintiff and others similarly situated for all their "off the clock" time was willful and with reckless disregard to established FLSA overtime requirements and, without a good faith basis.

28. As a result of Defendant's improper and willful failure to pay Plaintiff and others similarly situated in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

29. The net effect of Defendant's common plan, policy and practice of failing to pay Plaintiff and other similarly situated employees for all their "off the clock" compensable time was a scheme to save payroll costs and payroll taxes for which it has unjustly enriched itself and has enjoyed ill gained profits at the expense of Plaintiff and those similarly situated.

## V. FLSA MULTI-PLAINTIFF ACTION ALLEGATIONS

30. Plaintiff brings this case as a multi-plaintiff action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

31. Plaintiff seeks to send notice to:

> All current and former hourly-paid production employees of Defendant who were required to wear explosive materials' protective gear as part of their job activities and who performed compensable activities "off the clock" without being compensated for such time anywhere in the United States during the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("potential plaintiffs").

32. During all times material, Defendant required Plaintiff and others similarly situated to work during weekly pay periods without receiving full compensation and, to work more than forty (40) hours per week within weekly pay periods without being paid overtime compensation for such work time in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

33. Plaintiff and potential plaintiffs are similarly situated because Defendant employed a common pay system with respect to its common plans, policies and practices of failing to pay them for "off the clock" work time, including compensation at one-and one-half times their regular hourly rate of pay for all such "off the clock" overtime work in excess of forty (40) per week within weekly pay periods during all times material.

34. This lawsuit also is maintained as multi-plaintiff action because Plaintiff and potential plaintiffs have been deprived of overtime compensation due to Defendant's common plan,

6

policy and practice of failing to compensate them for "off the clock" work time, as previously described.

35. In addition, Plaintiff and class members are similarly situated in that their unpaid "off the clock" wage claims are unified through a common theory of Defendant's FLSA violations.

36. Defendant knew Plaintiff and potential plaintiffs' "off the clock" work required additional overtime compensation to be paid them.

37. Nonetheless, it operated under the aforementioned common plans, policies and practices (schemes) to deprive Plaintiff and others similarly situated overtime compensation as required by the FLSA.

38. The claims of Plaintiff are typical of the claims of potential plaintiffs.

39. Plaintiff and those similarly situated who work or have worked for Defendant are and were subject to its same and common operational, compensation and time keeping plans, policies and practices, including Defendant's common plan, policy and practice of working them "off the clock" without compensating them for such work time.

40. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are aligned with their interests.

41. Plaintiff has no interests adverse to the potential plaintiffs.

42. Plaintiff has retained competent counsel who are experienced in multi-plaintiff litigation.

43. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individuals in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for plaintiffs to individually seek address for the wrongs done to them.

44. Plaintiff and potential plaintiffs have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by Defendant.

45. Defendant's conduct, as alleged herein, was willful and with reckless disregard to established FLSA overtime requirements.

46. Defendant's conduct was without a good faith basis.

47. Defendant's conduct has caused significant damage and loss of overtime compensation to Plaintiff and potential plaintiffs.

48. Plaintiff requests the Court to authorize notice to potential plaintiffs, to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages, attorney's fee, costs, and the other relief requested herein.

49. Plaintiff estimates there are more than 100 potential plaintiffs.

50. The precise number of potential plaintiffs can be easily ascertained in part by using Defendant's payroll and personnel records. Potential plaintiffs may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice in all of Defendant's production facilities.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

52. Plaintiff and other current and former hourly-paid production employees have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), as previously addressed.

8

Case 3:24-cv-00151   Document 1   Filed 02/08/24   Page 8 of 11 PageID #: 8

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

54. Plaintiff and other hourly-paid production employees regularly performed "off the clock" work within weekly pay periods during all times material (as previously addressed) but were not paid for such "off the clock" hours work at the applicable FLSA overtime compensation rates of pay.

55. Through its common plans, policies, practices and actions, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all compensable hours, including overtime compensable hours.

56. The "off the clock" unpaid wage claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

57. Plaintiff and potential plaintiffs are similarly situated in that they have been subjected to Defendant's common plan, policy and practice of working them "off the clock" without compensating them for such "off the clock" work hours - during all times material.

58. The foregoing actions of Defendant violated the FLSA.

59. Defendant's conduct was willful and not in good faith.

60. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and other similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

61. Defendant is liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court to enter judgment on behalf of herself and potential plaintiffs who join this action, and

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to join under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime compensation to Plaintiff and potential plaintiffs who join this action at the applicable FLSA overtime compensation rates of pay.

C. An award of liquidated damages to Plaintiff and potential plaintiffs who join this action;

D. An award of pre-judgment and post-judgment interest at the applicable legal rate to Plaintiffs and potential plaintiffs who join this action;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: February 8, 2024.

                Respectfully Submitted,

                *s/J. Russ Bryant*
                Gordon E. Jackson (TN BPR #8323)
                J. Russ Bryant (TN BPR #33830)
                J. Joseph Leatherwood IV (TN BPR #39490)

                **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                Attorneys at Law
                262 German Oak Drive
                Memphis, Tennessee 38018
                Telephone: (901) 754-8001
                Facsimile: (901) 754-8524
                *gjackson@jsyc.com*
                *rbryant@jsyc.com*
                *jleatherwood@jsyc.com*

                ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***