**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| APRIL WALLACE, *individually,* *on behalf of herself and on behalf of* *others similarly situated,* ) ) ) ) | |
| Plaintiff, ) | **Case Number: 3:24-cv-00151** |
| ) | |
| vs. ) | **District Judge William L. Campbell, Jr.** **Magistrate Judge Alistair Newbern** |
| ) | |
| ACCURATE ENERGETIC SYSTEMS, LLC, ) ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Accurate Energetic Systems, LLC ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff April Wallace's ("Plaintiff") Complaint as follows:

### INTRODUCTORY PARAGRAPH

Plaintiff's Complaint contains an introductory statement regarding the nature of her claims, which requires neither admission nor denial by Defendant. However, to the extent said paragraph is meant to allege and/or imply that Defendant violated the law or is liable to Plaintiff or any purported putative class members in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies collective action treatment is appropriate in this action, that a class has been properly defined or pled, that Plaintiff is similarly situated to other individuals allegedly employed by Defendant, the alleged class, or any other purported putative class members, and that Plaintiff and any purported putative class members are entitled to any of the relief requested in Plaintiff's Complaint.

1

## JURISDICTION AND VENUE

1.      As to Paragraph 1, Defendant admits only that this Court has subject matter jurisdiction over the claims as asserted in this action and that 29 U.S.C. § 216(b) speaks for itself, but denies all remaining allegations contained therein. To the extent said paragraph implies liability in any way, it is denied.

2.      As to Paragraph 2, Defendant admits only that this Court has federal question jurisdiction over the claims as asserted in this action and that 29 U.S.C. § 1331 speaks for itself, but denies all remaining allegations contained therein. To the extent said paragraph implies liability in any way, it is denied.

3.      As to Paragraph 3, Defendant admits only that venue for this action is proper in this District, that 28 U.S.C. § 1391 speaks for itself, that Plaintiff performed work for Defendant in this District, and that Defendant conducted business in this District, but denies all remaining allegations contained therein. To the extent said paragraph implies liability in any way, it is denied.

## PARTIES

4.      As to Paragraph 4, Defendant admits only that Plaintiff previously performed production work for Defendant in McEwen, Tennessee, that Plaintiff was paid hourly for such work, and that a document titled Consent to Join as Named Plaintiff is attached to the Complaint, but denies all remaining allegations contained therein. To the extent said paragraph implies liability in any way, it is denied.

5.      As to Paragraph 5, it contains a conclusory statement regarding the nature of Plaintiff's claims and her intent in connection therewith, which require neither admission nor denial by Defendant. However, to the extent said paragraph is meant to allege and/or imply that

2

Defendant violated the law or is liable to Plaintiff or any purported putative class members in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

6.      As to Paragraph 6, Defendant admits only that it is a Tennessee limited liability company with its principal office listed with the Tennessee Secretary of State as 5891 Highway 230 West, McEwen, TN 37101-3971, and that its listed registered agent is Kimberly M. Sonday, 5621 Highway 230 W, McEwen, TN 37101, but states that the remaining allegations contained therein call for a legal conclusion and, therefore, do not require an admission or denial. To the extent the remaining allegations require an admission or denial, Defendant denies the same.

### ALLEGED FLSA COVERAGE

7.      As to Paragraph 7, the allegations contained therein call for a legal conclusion and, therefore, do not require an admission or denial. To the extent the allegations require an admission or denial, Defendant denies the same. Moreover, to the extent said paragraph implies liability in any way, it is denied.

8.      As to Paragraph 8, the allegations contained therein call for a legal conclusion and, therefore, do not require an admission or denial. To the extent the allegations require an admission or denial, Defendant denies the same. Moreover, to the extent said paragraph implies liability in any way, it is denied.

9.      As to Paragraph 9, the allegations contained therein call for a legal conclusion and, therefore, do not require an admission or denial. To the extent the allegations require an admission or denial, Defendant denies the same. Moreover, to the extent said paragraph implies liability in any way, it is denied.

3

10.     As to Paragraph 10, the allegations contained therein call for a legal conclusion and, therefore, do not require an admission or denial.  To the extent the allegations require an admission or denial, Defendant denies the same.  Moreover, to the extent said paragraph implies liability in any way, it is denied.

11.     As to Paragraph 11, the allegations contained therein call for a legal conclusion and, therefore, do not require an admission or denial.  To the extent the allegations require an admission or denial, Defendant denies the same.  Moreover, to the extent said paragraph implies liability in any way, it is denied.

**PURPORTED FACTUAL ALLEGATIONS**

12.     As to Paragraph 12, Defendant admits only that, among other things, it manufactures explosive products in McEwen, Tennessee, where Plaintiff previously performed work, but denies all remaining allegations contained therein.  To the extent said paragraph implies liability in any way, it is denied.

13.     As to Paragraph 13, Defendant admits only that Defendant has had and does have a timekeeping system to record hours worked, but denies all remaining allegations contained therein.  To the extent said paragraph implies liability in any way, it is denied.

14.     The allegations contained in Paragraph 14 are denied.

15.     The allegations contained in Paragraph 15 are denied.

16.     The allegations contained in Paragraph 16 are denied.

17.     The allegations contained in Paragraph 17 are denied.

18.     The allegations contained in Paragraph 18 are denied.

19.     The allegations contained in Paragraph 19 are denied.

20.     The allegations contained in Paragraph 20 are denied.

21.     The allegations contained in Paragraph 21 are denied.

22.     The allegations contained in Paragraph 22 are denied.

23.     The allegations contained in Paragraph 23 are denied.

24.     The allegations contained in Paragraph 24 are denied.

25.     The allegations contained in Paragraph 25 are denied.

26.     The allegations contained in Paragraph 26 are denied.

27.     The allegations contained in Paragraph 27 are denied.

28.     The allegations contained in Paragraph 28 are denied.

29.     The allegations contained in Paragraph 29 are denied.

## PURPORTED FLSA MULTI-PLAINTIFF ACTION ALLEGATIONS

30.     As to Paragraph 30, it contains a conclusory statement regarding the nature of Plaintiff's claims and her intent in connection therewith, which require neither admission nor denial by Defendant.  However, to the extent said paragraph is meant to allege and/or imply that Defendant violated the law or is liable to Plaintiff or any purported putative class members in any way, or could be construed as requiring a response, said allegations and/or implications are denied.  Moreover, Defendant denies that a class has been properly pled, that the purported class is similarly situated to Plaintiff and one another, and that this action should proceed as a collective action.

31.     As to Paragraph 31, it contains a conclusory statement regarding the nature of Plaintiff's claims and her intent in connection therewith, which require neither admission nor denial by Defendant.  However, to the extent said paragraph is meant to allege and/or imply that Defendant violated the law or is liable to Plaintiff or any purported putative class members in any way, or could be construed as requiring a response, said allegations and/or implications are

5

denied. Moreover, Defendant denies that a class has been properly pled, that the purported class is similarly situated to Plaintiff and one another, and that this action should proceed as a collective action.

32.    The allegations contained in Paragraph 32 are denied.

33.    The allegations contained in Paragraph 33 are denied.

34.    The allegations contained in Paragraph 34 are denied.

35.    The allegations contained in Paragraph 35 are denied.

36.    The allegations contained in Paragraph 36 are denied.

37.    The allegations contained in Paragraph 37 are denied.

38.    The allegations contained in Paragraph 38 are denied.

39.    The allegations contained in Paragraph 39 are denied.

40.    The allegations contained in Paragraph 40 are denied.

41.    The allegations contained in Paragraph 41 are denied.

42.    The allegations contained in Paragraph 42 are denied.

43.    The allegations contained in Paragraph 43 are denied.

44.    The allegations contained in Paragraph 44 are denied.

45.    The allegations contained in Paragraph 45 are denied.

46.    The allegations contained in Paragraph 46 are denied.

47.    The allegations contained in Paragraph 47 are denied.

48.    As to Paragraph 48, it contains a conclusory statement regarding the nature of Plaintiff's claims and her intent in connection therewith, which require neither admission nor denial by Defendant. However, to the extent said paragraph is meant to allege and/or imply that Defendant violated the law or is liable to Plaintiff or any purported putative class members in

any way, or could be construed as requiring a response, said allegations and/or implications are denied. Moreover, Defendant denies that a class has been properly pled, that the purported class is similarly situated to Plaintiff and one another, and that this action should proceed as a collective action.

49.     As to Paragraph 49, Defendant lacks sufficient information to admit or deny what Plaintiff's estimations are and, therefore, denies the same. To the extent said paragraph implies liability in any way, it is denied.

50.     The allegations contained in Paragraph 50 are denied.

## PURPORTED CAUSE OF ACTION
## ALLEGED VIOLATION OF THE FAIR LABOR STANDARDS ACT

51.     As for the allegations contained in Paragraph 51 of the Complaint, Defendant hereby incorporates its responses to Paragraphs 1 through 50, as set forth above.

52.     The allegations contained in Paragraph 52 are denied.

53.     As to Paragraph 53, Defendant admits only that Section 207(a)(1) speaks for itself, but denies all remaining allegations contained therein. To the extent said paragraph implies liability in any way, it is denied.

54.     The allegations contained in Paragraph 54 are denied.

55.     The allegations contained in Paragraph 55 are denied.

56.     The allegations contained in Paragraph 56 are denied.

57.     The allegations contained in Paragraph 57 are denied.

58.     The allegations contained in Paragraph 58 are denied.

59.     The allegations contained in Paragraph 59 are denied.

60.     The allegations contained in Paragraph 60 are denied.

61.     The allegations contained in Paragraph 61 are denied.

7

## ADDITIONAL AVERMENTS

62.     The remainder of the Complaint consists of a demand for jury trial and a prayer for relief, which require neither admission nor denial; however, to the extent a response is deemed to be required, Defendant denies the same.

63.     Defendant denies any and all allegations not specifically admitted to in its Answer and denies any violation of the law occurred, including any violation of the FLSA, that collective action treatment is appropriate in this action, that a class has been properly defined or pled, that Plaintiff is similarly situated to other individuals allegedly employed by Defendant, the purported class, or any other purported putative class members, and that Plaintiff and any alleged putative class members are entitled to any relief whatsoever, including overtime or other compensation and the other relief requested in Plaintiff's Complaint.

64.     Defendant further specifically avers that Plaintiff is not entitled to an order certifying this case as a collective action or appointing Plaintiff or his counsel to represent the purported putative class.

## DEFENSES

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, Defendant may assert some of its defenses to Plaintiff's claims alternatively and, in some cases, hypothetically.  All defenses asserted herein are asserted against and applicable to Plaintiff, each and every opt-in plaintiff, and to each and every purported putative class member that is part of any class that may be certified in this action and to all of their claims generally.

In addition, as permitted by the Federal Rules of Civil Procedure, Defendant asserts such defenses regardless of their consistency, based upon both legal and equitable grounds, and without assuming any burden of proof that otherwise does not exist as a matter of law.  As the

8

facts pertaining to the parties' respective claims and defenses are fully developed through the discovery process, Defendant may abandon, modify, or amend its defenses as permitted by and consistent with the Federal Rules of Civil Procedure, the Local Rules of Court, and any Order of the Court. Defendant, having fully answered the Complaint, sets forth the following additional defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which any relief can be granted, and Plaintiff and the purported putative class members cannot satisfy the elements of their claims and/or their alleged damages.

## SECOND DEFENSE

Plaintiff's claims and/or this action as a whole cannot be maintained or litigated as a collective action under the FLSA because the requirements for such claims/action cannot be met under the facts pled.

## THIRD DEFENSE

Plaintiff's collective action claims fail due to her failure to sufficiently and adequately define the class she seeks to represent. There are also irreconcilable conflicts within the proposed class and between Plaintiff and the proposed class.

## FOURTH DEFENSE

Plaintiff is not similarly situated to other potential members of the alleged group she purports to represent, the existence of which is expressly denied. Moreover, the purported putative class members are not similarly situated to one another.

## FIFTH DEFENSE

Plaintiff is not a proper, adequate, or appropriate class representative in this action. To the extent Plaintiff lacks standing and/or capacity to raise some or all of the claims of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied, she also cannot represent the class. Moreover, to the extent Plaintiff did not suffer the harm or damages she alleges in the Complaint or for which she purports were suffered by the purported putative class members, she cannot represent the class. Finally, to the extent Plaintiff caused the harm asserted in the action or is otherwise in conflict with the class, she cannot represent the class.

## SIXTH DEFENSE

Plaintiff and/or members of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied, are precluded from recovering any amounts from Defendant where Plaintiff and/or members of the alleged group have been paid all sums legally due under the FLSA.

## SEVENTH DEFENSE

Defendant asserts that any or all claims in the Complaint, including those for minimum wage, overtime, and/or liquidated damages, may be barred in whole or in part by the applicable statute of limitations with respect to Plaintiff and/or any purported putative class member. In addition, the two-year statute of limitations set forth in 29 U.S.C. § 255 applies because any violations of the FLSA that may have occurred were not "willful" within the meaning of the statute.

10

## EIGHTH DEFENSE

Any claim for minimum wage, overtime and/or liquidated damages is barred under the 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and reliance on written administrative regulations, orders, rulings, and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or the relevant state departments of labor or their equivalent agencies, and thus had reasonable grounds for believing that its actions were not in violation of the FLSA.

## NINTH DEFENSE

To the extent applicable, if Plaintiff and/or any purported putative class members are able to establish that they were not properly paid for any hours worked, which is denied, such activity was without the knowledge and contrary to the instructions of the Defendant. Plaintiff and any such purported putative class members(s) are therefore equitably estopped from asserting a claim that was created, if at all, by his/her/their own misconduct.

## TENTH DEFENSE

Any overtime claims by Plaintiff and/or the putative class members overtime claims are barred under the FLSA to the extent they did not work over 40 hours per week.

## ELEVENTH DEFENSE

Any tolling of the applicable statute of limitations in this case is not proper.

## TWELFTH DEFENSE

To the extent that Plaintiff's and/or any purported putative class member's claim is barred by the equitable doctrines of laches, collateral estoppel, unclean hands, bad faith, waiver, credit, payment, release, consent (express, implied, or implicit), failure to make demand, accord and satisfaction, discharge in bankruptcy, preemption, lack of capacity, lack of knowledge/intent,

11

failure to properly opt-in, mootness, gap time is barred, preemption, NLRA preemption, RLA preemption, agreement to arbitration, and/or res judicata, then his/her/their claim should be dismissed.

**THIRTEENTH DEFENSE**

Defendant asserts that Plaintiff and any putative class members are estopped from recovering on their claims if they: 1) engaged in efforts to alter time or pay records or violated established employment policies; 2) worked off-the-clock or failed to properly record their hours; or 3) to the extent they have released, resolved, and/or been paid for, in whole or in part, all or part of the claims brought in this case, such claims are barred and should be dismissed.

**FOURTEENTH DEFENSE**

Plaintiff and all purported putative class members were properly paid for all time worked, but should it be determined that some of the hours of work were not properly paid, which is specifically denied, Plaintiff and/or the purported putative class members are not entitled to compensation for some or all of the hours allegedly worked by Plaintiff and/or the purported putative class members to the extent the activities at issue are excluded from compensability. Further, should it be determined that some of the hours of work were not properly paid, which is denied, such amount was negligible and, hence, was *de minimis* and not recoverable.

**FIFTEENTH DEFENSE**

If Plaintiff and any purported similarly situated persons are able to establish that they are entitled to damages under the FLSA, which is expressly denied, their damages should be offset by any overpayments, time paid that did not need to be paid, or other applicable payments made to them by Defendant or on Defendant's behalf.

12

## SIXTEENTH DEFENSE

To the extent Defendant made any additional and/or voluntary payments to Plaintiff and/or the purported putative class members for any reason, Defendant is entitled to offset such amounts from any potential recovery in this case.

## SEVENTEENTH DEFENSE

To the extent there is a concurrent action with the same or similar claims, this action should be dismissed.

## EIGHTEENTH DEFENSE

To the extent that Defendant is not an "employer" as defined by the law that is pled in this action, said claims must be dismissed.

## NINETEENTH DEFENSE

To the extent that Plaintiff and/or the purported putative class members are not "employees" of Defendant under the law that is pled in this action, their claims must be dismissed.

## TWENTIETH DEFENSE

To the extent that the Plaintiff and/or any purported putative class member(s) asserts claims beyond the scope of the class that Plaintiff requests that the Court certify, if any, or any class that is ultimately certified by the Court, his/her claims should be dismissed/barred.

## TWENTY-FIRST DEFENSE

If the facts, as determined at trial, reveal that Plaintiff reported to Defendant that she had been correctly and fully paid for all time worked, she should be estopped from recovering on any claim of uncompensated wages. The same is true for any alleged purported putative class member's claim who acted in the same manner.

13

## TWENTY-SECOND DEFENSE

Defendant did not have a written or unwritten policy, practice, or custom that violated the FLSA as alleged by Plaintiff.

## TWENTY-THIRD DEFENSE

Plaintiff's and all purported putative class members' claims are barred, in whole or in part, by their failure to make demands upon Defendant.

## TWENTY-FOURTH DEFENSE

Plaintiff's and the purported putative class members' claims for overtime pay and minimum wages should be dismissed to the extent Plaintiff and/or the purported putative class members are exempt from the overtime and minimum wage requirements and/or the Defendant is exempt from/not covered by such requirements/law. Defendant asserts that it is not liable to Plaintiff, or anyone alleged to be similarly situated, for overtime to the extent such individuals are and were exempt from the overtime requirements and/or other requirements of the FLSA, including but not necessarily limited to 29 U.S.C. §§ 207 and/or 213, 29 C.F.R. Part 541, *et. seq.*, or otherwise.

## TWENTY-FIFTH DEFENSE

Upon information and belief, Plaintiff's claims contained in the Complaint are frivolous, unreasonable, and vexatious thereby entitling Defendant to an award of costs and attorneys' fees incurred in defense of this action.

## TWENTY-SIXTH DEFENSE

To the extent that Plaintiff and/or any purported putative class members failed to pursue contractual alternative dispute resolution procedures, such as arbitration or mediation, they should be required to do so.

14

## TWENTY-SEVENTH DEFENSE

All defenses asserted herein are asserted against and applicable to the purported putative class members and all class members that are part of any class that may certified in this action.

## TWENTY-EIGHTH DEFENSE

Because discovery has not yet occurred in this action, Defendant reserves the right to assert further defenses, including but not limited to those available under the various state laws if asserted in this action.

## TWENTY-NINTH DEFENSE

The claims of Plaintiff and/or any purported putative class member are barred in whole or in part to the extent that any work performed falls within exemptions, exclusions, or credits provided for in Sections 3, 7, or 13 of the FLSA.

## THIRTIETH DEFENSE

Defendant alleges that any unlawful or other wrongful acts, if any, taken by any of the employees of Defendant were outside the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, and Defendant did not know, nor should Defendant have known of such conduct.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer, in accordance with the rules and procedures of the Court, as Plaintiff's claims are investigated in the course of this litigation. Further, Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant

15

respectfully prays that:

1.   The Court enter judgment in favor of Defendant and dismiss Plaintiff's Complaint in its entirety and with prejudice;

2.   The Court deny each and every prayer for relief identified in Plaintiff's Complaint and deny any request for certification; and

3.   The Court award Defendant its reasonable expenses and costs associated with defending this action, including attorneys' fees, along with any such other and further relief as the Court may deem proper.

Respectfully submitted this 29th day of April 2024.

CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP

/s/ *Mary Dohner-Smith*
Mary Dohner Smith, TN BPR# 021451
Rachael Rustmann, TN BPR# 037432
Christine Hogan (*Pending Pro Hac Vice*)
Constangy, Brooks, Smith & Prophete, LLP
750 Old Hickory Blvd., Suite 260-2
Brentwood, TN 37027
Telephone: (615) 320-5200
Facsimile: (615) 810-8060
Email: mdohner@constangy.com
Email: rrustmann@constangy.com

ATTORNEYS FOR DEFENDANT

16

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April 2024, a true and correct copy of the above and foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was served via the Court's electronic case filing system, on the following:

Gordon E. Jackson
J. Russ Bryant
J. Joseph Leatherwood IV
JACKSON SHIELDS YEISER HOLT
OWEN & BRYANT
262 German Oak Drive
Memphis, Tennessee 38018
gjackson@jsyc.com
rbryant@jsyc.com
jleatherwood@jsyc.com

ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY SITUATED

<i>/s/ Mary Dohner-Smith</i>
Attorney for Defendant